IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

           **Petitioner,**

v.                                        **CASE NO. 24-3013-JWL**

**J. ARMBRISTER,**

           **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner John Timothy Price, who proceeds pro se, is being held at the Douglas County Jail (DCJ) in Lawrence, Kansas. His fee status is pending. (*See* Doc. 2.) The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted and that the Court is required to abstain from hearing this matter at this time. The Court therefore will direct Petitioner to show why this matter should not be dismissed without prejudice to refiling after he exhausts his claims in state court and after the criminal proceedings are concluded.

**Background**

In December 2022, Petitioner was convicted of four counts of criminal damage to property, two counts of battery against law enforcement, two counts of aggravated assault, and one count of interference with law enforcement. (Doc. 1, p. 1.) These convictions were entered in two cases in the District Court of Douglas County, Kansas: 21-CR-818 and 21-CR-822. *Id.* In May 2023[1],

---

[1] The petition states that Petitioner was convicted in "December 2022" and sentenced on "May 15, 2022." Because sentencing occurs after conviction and the online district court records reflect that Petitioner was sentenced on May 15 2023, the Court presumes that Petitioner was sentenced on May 15, 2023. If this is incorrect, Petitioner should so

Petitioner was sentenced to a term of imprisonment. *Id.* Petitioner appealed and his direct appeal is currently pending in the Kansas Court of Appeals (KCOA). *Id.* at 2. Petitioner filed his federal habeas action challenging the convictions listed above on January 17, 2023. *See id.* at 14; *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019) ("Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes.").

Petitioner asserts four grounds for relief. *Id.* at 5-9. As Ground One, he alleges fraud, explaining only: "Alleged actions were caused for the purposes of making fraudulent insurance claims." *Id.* at 5. As Ground Two, Petitioner alleges the denial of his constitutional right to equal protection. *Id.* at 6. As supporting facts for Ground Two, Petitioner states: "Upon public servants utilizing citizens for nefarious testimony and vice versa, Petitioner is currently still restrained of liberty despite the coercion, fraud, due process violations in economic substantive, procedural, and substantive fashion after illicit testimony and fabrication of evidence." *Id.*

As Ground Three, Petitioner alleges embracery[2] and asserts in his supporting facts that the prosecutor "nefariously swayed the naïve jurors to his side." *Id.* at 8. Although Petitioner's supporting facts for Ground Three are difficult to understand, he also refers to a May 16, 2023 newspaper article and appears to voice a double jeopardy concern regarding two 2022 criminal prosecutions and the improper sharing of confidential information. *Id.* As Ground Four, Petitioner alleges that evidence was fabricated, asserting that "many edits of video footage, coerced or rehearsed testimony, and fraudulent insurance claims made by public servants and the citizens they

---

inform the Court in a response to this order.
[2] Embracery is defined as "The attempt to corrupt or wrongfully influence a judge or juror, esp. by threats or bribery." Black's Law Dictionary (11th ed. 2019).

utilized to make their allegations seem legitimate, along with numerous falsified testimonies of officers, their family members posed as jurors, et cetera." *Id.* at 9. As relief, Petitioner seeks the issuance of a writ of habeas corpus. *Id.* at 14.

**Initial Review**

Rule 4 of the Rules Governing § 2254 Cases requires this Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v.*

3

*Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the KCOA, courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies.").

Petitioner concedes that three of the four grounds for relief in this matter are unexhausted. (Doc. 1, p. 5, 8, 10.) In addition, there is no indication that Petitioner has presented the remaining ground for relief to the KCOA or that the KCOA has rejected it. The Court acknowledges that Petitioner makes assertions throughout the petition that at first glance appear to indicate an argument that he has been prevented from presenting his claims in state court. For example, Petitioner alleges that he did not exhaust state-court remedies on Ground One because "[t]he superior courts refused to review [his] claims." (Doc. 1, p. 5.) He explains his failure to exhaust state-court remedies on Ground Three as he was "[g]iven the run around and [had] ineffective counsel after ineffective counsel." *Id.* at 8. And, with respect to Ground Four, Petitioner says he did not exhaust state-court remedies because "[f]alsifications of record have been incepted for

4

State [*sic*]." *Id.* at 10. Later in the petition, he also explains that his failure to exhaust all grounds in this petition was because the "Kansas Supreme Court refused to review." *Id.* at 11.

Notwithstanding these allegations, for which Petitioner provides little specific support, Petitioner does not directly assert that he is prevented from presenting his arguments in the direct appeal or direct appeals that are currently before the KCOA. Thus, it appears that Petitioner has the opportunity to obtain redress in state court on the currently unexhausted arguments. The exhaustion doctrine requires that he attempt to do so before this Court can address his arguments in a federal habeas matter.

In addition, it is well-established that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). ). Under *Younger*, federal courts must abstain from exercising jurisdiction when:   "(1) there is an ongoing state criminal . . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). As the Tenth Circuit has explained, "'a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief."'" *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023).

With respect to the first condition, the petition in this matter reflects that Petitioner's direct appeals of the convictions at issue are pending in the KCOA. (Doc. 1, p. 2.) Thus, the state proceedings are ongoing and the first condition for *Younger* abstention is satisfied. *See Graff*, 65 F. 4th at 525 (concluding that state criminal proceedings were concluded for purposes of *Younger* abstention when "[a]ll had been convicted and sentenced in state court[ and t]he time . . . to appeal

5

their convictions and sentences had long since passed"). Turning to the second condition, the Tenth Circuit has noted that the second *Younger* condition is usually satisfied "'unless state law clearly bars the interposition of the federal statutory and constitutional claims.'" *Winn*, 945 F.3d at 1258. There is no indication that Kansas has this type of prohibitory state law. As for the third *Younger* condition, the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See Winn*, 945 F.3d at 1258 ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'").

Because the three circumstances identified in *Younger* are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.* Petitioner has not made specific factual allegations that such extraordinary circumstances exist here. Thus, it appears that *Younger* requires this Court to abstain from hearing this federal habeas matter at this time.

In summary, all of the grounds for relief asserted in this petition appear to be unexhausted. In addition, it seems that this Court is required by *Younger* to abstain from hearing this matter until the currently ongoing state-court criminal proceedings are complete. Petitioner is therefore directed to show cause, in writing, on or before June 20, 2023, why this matter should not be dismissed without prejudice to refiling after Petitioner's direct appeal is final.[3]

---

[3] Petitioner is advised that any § 2254 must comply with the statute of limitations set forth in 28 U.S.C. § 2244(d).

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before March 1, 2024, why this matter should not be dismissed without prejudice for the reasons set forth above.

**IT IS SO ORDERED.**

DATED:   This 29th day of January, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge