IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

                              **Petitioner,**

     v.                                            **CASE NO. 24-3013-JWL**

**J. ARMBRISTER,**

                              **Respondent.**

### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Kansas prisoner John Timothy Price to challenge his 2022 state-court convictions. (Doc. 1, p. 1.) When he filed the petition, Petitioner neither paid the statutory filing fee of $5.00 nor submitted a motion to proceed in forma pauperis. Thus, on January 25, 2024, the Court issued a notice of deficiency directing Petitioner to either pay the fee or submit a motion to proceed in forma pauperis "within thirty (30) days of the date of this Notice." (Doc. 2.) The notice further warned: "If you fail to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.*

During the time granted for Petitioner to comply with the notice, the Court conducted a review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that it contained only claims that are not yet exhausted and those claims may be raised in the state-court appeals Petitioner is currently pursuing, so the Court is required to abstain from hearing this matter at this time. (Doc. 3.) Accordingly, on January 29, 2024, the Court issued a notice and order to show cause (NOSC) directing Petitioner to show cause on or before March 1, 2024 why this matter should not be dismissed without prejudice. *Id.* at 7.

1

Since that time, the Court has received three documents from Petitioner. The first is a letter dated February 1, 2024, that appears to respond to the NOSC. (Doc. 5.) It asserts that an order to show cause is "the burden of the Respondent" and alleges that all of Petitioner's filings since 2021 have "been unfairly struck down with unrelated reasonings for their dismissal." *Id.* at 1. Petitioner further notes that the claims he has asserted in previous matters include violations of the Electronic Communication Privacy Act, the Computer Crimes and Intellectual Property Act, the Federal Tort Claims Act, the Sarbanes-Oxley Act, the Computer Matching and Privacy Protection Act of 1988, the Caution Against Racially Exploitative Non-Emergencies (CAREN) Act, as well as claims of falsified records, illegal sentencing, and judicial impropriety. *Id.* He expresses his frustration with the dismissals of his previous cases and the issuance of the NOSC in this matter. *Id.* With this letter, Petitioner included a copy of the NOSC and the notice of electronic filing of that order. *Id.* at 3-10.

The second document is a letter dated February 2, 2024, in which Petitioner alleges—as he did in the petition—that evidence admitted against him at trial was fabricated. (Doc. 4.) The third document is a letter (Doc. 6) dated February 6, 2024, in which Petitioner clarifies the definition of the word "embracery" as it was used in Ground Three of his petition. (*See* Doc. 1, p. 8.) Petitioner also advises the Court of multiple ways in which he believes his constitutional rights have been violated, including being prevented from presenting records, subjected to prosecutorial misconduct and economic espionage, and otherwise denied due process. (Doc. 6, p. 1.) Petitioner has submitted documentation in support of his claims. *Id.* at 2-25.

The deadline to either pay the filing fee or file a motion to proceed in forma pauperis has passed and Petitioner has done neither. Federal Rule of Civil Procedure 41(b)[1] allows the Court

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*,

to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Based on Petitioner's failure to either pay the filing fee or submit a motion to proceed in forma pauperis on the provided court-approved, the Court will dismiss this matter without prejudice under Rule 41(b).

Although the failure to comply with the notice of deficiency is sufficient reason to dismiss this matter, the Court will address Petitioner's letters, which appear to respond to the order to show cause. The Court understands Petitioner's frustration with his lack of success in obtaining the relief he has sought in this Court and in the state courts. The habeas matter currently before this Court, however, is not an appropriate avenue by which to challenge dismissals in previous cases. In this particular case, the Court directed Petitioner to show cause why this matter should not be dismissed without prejudice because he has not yet exhausted his claims as required in the state courts and because he appears to have current appeals pending in the state courts. (Doc. 3.) Liberally construing Petitioner's response, it appears that Petitioner believes the question of exhaustion is "unrelated" to his claims and therefore dismissal on this basis would be unfair. (*See* Doc. 5, p. 1.)

This matter is in the initial review phase of processing, during which Rule 4 of the Rules Governing § 2254 Cases requires this Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. (Doc. 3, p. 3.) The Tenth Circuit has held that "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021)

---

500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that federal rules apply to all litigants, including prisoners lacking access to counsel).

(quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). The Tenth Circuit has also instructed that a § 2254 petitioner bears the burden to show in his or her petition that he or she has exhausted available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Thus, one of the points this Court considers when conducting the required Rule 4 review of any habeas petition from a state prisoner is whether the claims in that petition have been exhausted. Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a).

Put another way, a § 2254 petitioner usually must make his arguments to—and have them rejected by—one or both state appellate courts before a federal court can consider the merits of those arguments. There are exceptions to this general rule (*see* Doc. 3, p. 4-5), but unless the petitioner shows that circumstances justifying an exception exist, the federal court cannot consider the merits of unexhausted claims. Thus, if it plainly appears from the petition and attached exhibits that a claim for relief under § 2254 has not been exhausted in the state courts, this Court must conclude that the petitioner is not entitled to relief on the claim. In that scenario, Rule 4 requires this Court to dismiss that claim. The respondent is not involved in this review and bears no burden.

The Rule 4 review of the petition in this matter revealed that the claims therein appear unexhausted and that remedies in state-court are still available, so the Court offered Petitioner the opportunity to present reasons why this matter should not be dismissed. Even liberally construing the pro se documents Petitioner has submitted, Petitioner does not challenge the Court's previous conclusions that the claims in this matter are currently unexhausted and that state-court remedies are available. Nor does Petitioner allege the type of circumstances that excuse his failure to exhaust the claims in his current petition. Thus, this matter will be dismissed without prejudice. Because

the dismissal is without prejudice, once Petitioner exhausts the claims in the state courts, he may return to federal court and file a new petition for relief under § 2254, as long as he complies with the statutory time limitations on doing so and other such procedural requirements.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to comply with a court order and for failure to exhaust state court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 18th day of March, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge